UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMAL BRIAN HICKLEN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>US GOVERNMENT LAW ENFORCEMENT AGENTS,<br><br>　　　　　　　Defendants. | Case No. 2:16-cv-02346-GMN-PAL<br><br>**ORDER** |

　　　This matter is before the court on Plaintiff Jamal Brian Hicklen's failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case.

　　　Mr. Hicklen is proceeding in this action *pro se,* that is, representing himself. He has submitted initiating documents (ECF No. 1), that is, a series of papers, which appear to seek some form of relief from this court for monetary damages against the Las Vegas Metropolitan Police Department "for services rendered." He may also be attempting to make claims against other state or federal law enforcement agencies. However, he did not submit an IFP application or remit the $400.00 filing fee. In order to proceed in this action without paying the standard filing fee, 28 U.S.C. § 1915 and LSR 1-1 provides that a litigant must submit the court's form IFP application.

　　　Additionally, the initiating documents did not include a complaint. Mr. Hicklen may be attempting to bring a civil rights action. LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court.*" *Id.* (emphasis added). If Hicklen wants to move forward with his claims, he must submit a complaint on the court's approved form. The Clerk of the Court will be directed to mail him a blank IFP application and civil rights complaint along with the instructions for completing the forms.

1

The complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper."). A plaintiff should summarize the information he believes to be relevant in his own words for each claim asserted in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Plaintiff is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Plaintiff should specifically identify each defendant to the best of their ability, clarify what constitutional right they believe each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See, e.g.*, *Iqbal*, 556 U.S. at 676 (holding that a plaintiff must allege that each government official violated the Constitution through his or her own actions). Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry*, 84 F.3d at 1178. Plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Additionally, the court cannot refer to a prior pleading in order to make a complaint complete. *See* LR 15-1(a). Any allegations, parties, or requests for relief from prior papers that

are not carried forward in the complaint will no longer be before the court. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall retain Plaintiff Jamal Brian Hicklen's initiating documents (ECF No. 1).

2. The Clerk of the Court is instructed to mail Mr. Hicklen a blank form Application to Proceed *in Forma Pauperis* and civil rights complaint along with the instructions for completing the forms.

3. Mr. Hicklen shall have until **August 11, 2017**, to: (a) submit an Application to Proceed *in Forma Pauperis*, accompanied by a signed and executed financial affidavit disclosing the applicant's income, assets, expenses and liabilities, or (b) pay the $400 filing fee, accompanied by a copy of this Order.

4. Mr. Hicklen's failure to comply with this Order by: (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the $400 filing fee, before the deadline will result in a recommendation to the district judge that this case be dismissed.

5. Mr. Hicklen shall have until **August 11, 2017**, to file a complaint.

6. Mr. Hicklen's failure to comply with this Order by submitting a complaint before deadline will result in a recommendation to the district judge that this case be dismissed.

7. The complaint must be a complete pleading in and of itself and it will supersede any previously submitted allegations. Any parties, allegations, or requests for relief from prior papers that are not carried forward in the complaint will no longer be before the court.

Dated this 12th day of July, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE